UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSALIE TRAN, | ) |
| Plaintiff, | ) 2:12-cv-00449-MMD-CWH |
| vs. | ) **ORDER** |
| ANGELIQUE GREENBERG, *et al*., | ) |
| Defendants. | ) |

This matter is before the Court on Victoria Fire & Casualty Company's Motion to Intervene (#16), filed May 9, 2012.  Defendants Angelique Greenberg and Lynn Greenberg filed a Notice of Non-Opposition to Victoria Fire's motion (#17) on May 14, 2012.  Plaintiff did not respond to the motion.

Federal Rule of Civil Procedure 24 provides in pertinent part:

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties represent that interest.

This action was filed in the Eighth Judicial District Court of the State of Nevada on October 18, 2011.  Victoria filed a Motion to Intervene in the state action on March 8, 2012.  On May 16, 2012, prior to the state court's ruling on Victoria's motion, Defendants removed this matter.  A Rule 26(f) conference was held on May 1, 2012.  Timeliness is left to the district court's discretion.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)).  The court should weigh the following factors in determining whether a motion to intervene is timely: (1) the stage of proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; (3) the reason for and length of the delay.  *Id*. (citation omitted).

1    The Court finds that litigation has not progressed to a point that the parties would be
2 prejudiced by Victoria's intervention.
3    Victoria, as the insurance company to which Plaintiff has presented a claim for
4 underinsured motorist benefits, has an interest in the instant case based on Plaintiff's claim for
5 these benefits.  Victoria's interests would necessarily be affected by the disposition of this case
6 given that the company could be bound to a judgment entered against Defendants.  *See Allstate*
7 *Ins. Co. v. Pietrosh*, 454 P.2d 106, 111 (Nev. 1969).  Lastly, Defendants do not adequately
8 represent Victoria's interests since the individuals have no interest in any portion of Plaintiff's
9 claim that exceeds their policy limits.  The Court finds that Victoria's intervention is proper
10 based on Fed. R. Civ. P. Rule 24(a)(2).
11    Further, based on Defendants' notice of non-opposition and Plaintiff's failure to respond,
12 the parties consent to the granting of Victoria Fire's Motion to Intervene.  *See* Local Rule 7-2(d).
13 Accordingly,
14    **IT IS HEREBY ORDERED** that Victoria Fire & Casualty Company's Motion to
15 Intervene (#16) is **GRANTED**.
16    DATED this 31st of May, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge