UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSALIE TRAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANGELIQUE GREENBERG, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:12-cv-00449-MMD-CWH<br><br>**ORDER**<br><br>[Plaintiff's Motion to Remand – Dkt no. 9] |

Before this Court is Plaintiff Rosalie Tran's Motion to Remand.  (*See* Dkt. no. 9.) For the reasons set forth below, Plaintiff's Motion is granted.

**I.    BACKGROUND**

This case arises out of an automobile-pedestrian collision that occurred on October 29, 2009, in Las Vegas, Nevada.  Plaintiff Rosalie Tran was struck by a vehicle owned by Defendant Lynn Greenberg and operated by Defendant Angelique Greenburg. Plaintiff brought a suit against Defendants in the Eighth Judicial District Court of the State of Nevada. (Dkt. no. 1-1.)  Defendants timely removed the case to this Court on the basis of diversity. (Dkt. no. 1.)

Plaintiff has now filed this Motion (dkt. no. 9) seeking remand on the ground that this Court lacks jurisdiction to hear this suit because it is not a proper diversity suit.

## II. STANDARD OF REVIEW

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). However, the district court should deny a motion to remand to state court if the case was properly removed to federal court. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984). The removing party bears the burden of establishing federal jurisdiction. *Calif. ex rel Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 839 (9th Cir. 2004). Removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. DISCUSSION

Plaintiff's first argument in support of remand is that the Defendants' have failed to meet their burden of proof on diversity of citizenship. In the Complaint, Plaintiff alleges that Angelique Greenberg was and is a resident of Clark County, Nevada. Plaintiff argues that Defendants are not diverse parties based on a statement made by Angelique Greenberg to the process server, memorialized in the server's affidavit, that Lynn Greenberg has been living in a long term care center in Las Vegas, Nevada.[1] (*See* dkt. no. 9-C.) Based on this affidavit, Plaintiff argues that complete diversity does not exist by virtue of this affidavit. Defendants in Opposition contend that neither Katelynn Angelique Greenberg nor Lynn Greenberg are residents of Nevada, and that Katelynn Greenberg never spoke with any process server regarding her residency. Defendants allege that both are residents of Arizona, and counsel for Defendants filed an affidavit

---

[1] There appears to be some confusion as to the identity of the proper parties. The complaint names Angelique Greenberg as a defendant, but Defendants' counsel appears to represent Katelynn Angelique Greenberg.

with this Court citing a conversation with the Defendants. (*See* dkt. no. 11 at ¶¶ 4-6, Affidavit of Counsel in Support of Defendant's Opposition.)

Defendants only allege that they are residents of the state of Arizona, not *citizens* of Arizona. (*See* dkt. no. 1 at ¶ 8; dkt. no. 11 at ¶¶ 4-6.) Though the parties did not contest this issue, the Court holds that the removal notice was defective in that it does not properly allege diversity. *See Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction"); *Williams v. McDaniel*, 119 F. Supp. 247, 249 (D. Nev. 1953) (requiring amendment of complaint to allege citizenship, not residence); *see also Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit"); *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir.1995) ("It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing"). Both parties contest diversity based on the residency status of the Defendants, and make no mention of their *citizenship*.

Since the burden of demonstrating jurisdiction is on the removing party, *see Calif. ex rel Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004), Defendants' notice of removal was defective, and Plaintiff's Motion to Remand is granted. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

**IV.   CONCLUSION**

Accordingly, Plaintiff's Motion to Remand is hereby GRANTED.

ENTERED THIS 27th day of June 2012.

UNITED STATES DISTRICT JUDGE